IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-64-D

| | |
|---|---|
| DEXTER XAVIER TAYLOR, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On August 7, 2019, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") and recommended that this court deny plaintiff's motion for judgment on the pleadings [D.E. 21], grant defendant's motion for judgment on the pleadings [D.E. 23], and affirm defendant's final decision. See [D.E. 28].[1] On August 23, 2019, plaintiff objected to the M&R [D.E. 29].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and the plaintiff's objections. As for those

---

[1] Under Federal Rule of Civil Procedure 25(d), the court substitutes Andrew M. Saul for Nancy A. Berryhill as Commissioner of Social Security. See Fed. R. Civ. P. 25(d).

portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. In his objections, plaintiff claims that the ALJ failed to properly take into account his concentration, persistence and pace ("CPP")—specifically, his "capacity to understand & remember simple 1-3 step instructions"—when the ALJ articulated a hypothetical question to the vocational expert ("VE"). See [D.E. 29] 7. In support, plaintiff cites Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Unlike in Mascio, however, the ALJ in this case adequately considered the CPP in his hypothetical. The See [D.E. 18] 552–53; cf. id. at 389. Thus, the court overrules this objection. To the extent that the plaintiff has raised other objections, the court has considered them and overrules them as meritless. See [D.E. 29] 2–8.

In sum, the court DENIES plaintiff's motion for judgment on the pleadings [D.E. 21], GRANTS defendant's motion for judgment on the pleadings [D.E. 23], AFFIRMS defendant's final decision, OVERRULES plaintiff's objections to the M&E [D.E. 29], and DISMISSES this action. The clerk shall close the case.

SO ORDERED. This 30 day of August 2019.

JAMES C. DEVER III
United States District Judge